PAUL L. GALE, Bar No. 065873
paul.gale@troutmansanders.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone:  949.622.2700
Facsimile:   949.622.2739

Attorneys for Plaintiffs
BILL A. BUSBICE, JR., OLLAWOOD
PRODUCTIONS, LLC, and ECIBSUB, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BILL A. BUSBICE, JR., an individual; OLLAWOOD PRODUCTIONS, LLC, a limited liability company; and ECIBSUB, LLC, a limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> ADRIAN VUCKOVICH, an individual; COLLINS, BARGIONE & VUCKOVICH, a partnership; and DOES 1 – 50, inclusive, <br><br> Defendants. | Case No.  CV 16-8511 <br><br> **COMPLAINT FOR:** <br><br> 1. **CIVIL CONSPIRACY;** <br> 2. **AIDING AND ABETTING;** <br> 3. **IMPOSITION OF A CONSTRUCTIVE TRUST;** <br> 4. **NEGLIGENCE;** <br> 5. **BREACH OF FIDUCIARY DUTY** <br><br> **DEMAND FOR JURY TRIAL** |

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

28741863

Plaintiffs Bill A. Busbice, Jr. ("Busbice"), Ollawood Productions, LLC, formerly known as Olla Productions, LLC ("Ollawood"), and Ecibsub, LLC ("Ecibsub") (collectively, "Plaintiffs"), allege:

## NATURE OF THE ACTION

1.      This is an action against a law firm, Defendant Collins Bargione & Vuckovich ("CBV"), and one of its partners, Defendant Adrian Vuckovich ("Vuckovich"), for:  (1) their role in furthering and aiding and abetting a conspiracy to defraud Plaintiffs out of millions of dollars, convert the money for the conspirators' personal use and benefit, fraudulently transfer the proceeds, and conceal the fraud; and (2) breaches of their duties of care and of their fiduciary duties owed to their client, Luxe One, Inc. ("Luxe One") whose claims against CBV and Vuckovich have been assigned to Plaintiff Ollawood.

2.      Beginning in April 2013, a group of con men – led primarily by Steven J. Brown ("Brown"), James David Williams ("Williams") and Gerald Seppala ("Seppala") – conspired to, and did, swindle Plaintiffs out of almost $11,000,000 by using demonstrably fake bank records, fake agreements, fictitious people and scores of audacious lies and misrepresentations to induce Busbice, through his companies Ollawood and Ecibsub, to invest in bogus film investment "opportunities."  In all, the extensive fraud involved four films:  *Made in America*, *The Letters*, *Left Behind*, and *Angels Sing*.  Although there were some differences in how the scheme for each film was structured, the basic concept was the same:  one or more of the co-conspirators, who held themselves out as experienced film industry insiders, claimed to have a deal in place to fund the production or marketing of a feature film.  Plaintiffs were told that investing in each deal would bring a guaranteed return of capital, interest, and lucrative profit participation rights.  One or more of the co-conspirators falsely represented that they had already invested millions of their own money in each film (and/or that other sophisticated investors were

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

involved), that more capital was needed, and that Plaintiffs could take advantage of the lucrative deal by investing their own money.

3.     Plaintiffs eventually discovered that they had been beguiled.  Plaintiffs learned, among other things, that:  (a) none of the co-conspirators had invested any of their own money in any of the purported deals; (b) the business entities defendants established were shams intended solely as vehicles to defraud investors; (c) the co-conspirators had used fake business and financial records to trick Busbice into believing that a solid financial foundation existed for each investment; (d) the co-conspirators presented Busbice with phony and doctored bank records purporting to show that millions of dollars already were invested in each transaction when, in fact, there was no money in any company other than the funds the co-conspirators extracted from Plaintiffs; (e) the co-conspirators lied and concealed the truth with falsified documents at each instance when Plaintiffs sought to obtain information related to their investments; (f) the co-conspirators secretly, wrongfully and without Plaintiffs' knowledge, siphoned millions of dollars to other bank and trust accounts under their control and converted Plaintiffs' money for their own personal use; and (g) out of the millions Plaintiffs invested, almost none of the funds were spent on the film projects or used for the purposes for which they were intended.

4.     In a separate lawsuit filed in this court captioned *Busbice, et al. v. Williams, et al.*, Case No. 2:14-cv-04077-PA-AJW, Plaintiffs obtained judgments against Williams, Brown and Seppala (collectively, the "Judgment Debtors") for their roles in the conspiracy.

5.     Defendants CBV and Vuckovich had a longstanding relationship with Brown and possibly other of the Judgment Debtors long before Plaintiffs were first introduced to any of the Judgment Debtors.

6.     Defendants CBV and Vuckovich's respective positions as an ostensible law firm and licensed attorney allowed them to serve as critical members

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 2 -

1   and aiders and abettors of the conspiracy to defraud Plaintiffs.  More specifically,

2   Vuckovich and CBV (by and through Vuckovich) knowingly allowed hundreds of

3   thousands of dollars traceable to Plaintiffs' investment funds to pass through

4   CBV's purported client trust account, often in the form of cashier's checks, to

5   compensate the co-conspirators for their fraudulent dealings with Plaintiffs, so that

6   the fact and fraudulent nature of the transfers might be cloaked behind a purported

7   attorney-client relationship and privilege.  These Defendants also received for

8   themselves significant amounts of money traceable to Plaintiffs' investment funds

9   for their role in furthering the fraud and conversion.

10          7.    A recent criminal indictment filed by the United States of America

11   against the Judgment Debtors in the United States District Court for the Southern

12   District of New York (the "Indictment") alleges, among other things, that after

13   Williams transferred "fraudulently obtained funds" to an account held jointly by

14   Williams and Brown, Brown then disbursed such funds from the joint account "to

15   different parties unrelated to the film projects for which that money was given,

16   including sending more than $200,000 to a law firm with whom BROWN works[.]"

17   (*United States v. Williams, et al*., Case No. 1:16-cr-00436-KMW (S.D.N.Y.), Dkt. 1

18   at ¶16.)

19          8.    Plaintiffs are informed and believe, and on that basis allege, that the

20   law firm referenced in the Indictment is Defendant CBV, and that the joint account

21   referenced in the Indictment is a JPMorgan Chase ("Chase") bank account held in

22   Los Angeles, California by Luxe One, a California corporation based in Los

23   Angeles, California, in which Plaintiffs were fraudulently induced to invest.

24          9.    At the same time that CBV and Vuckovich passed the fraudulently

25   obtained funds through their trust account, CBV and Vuckovich served as Luxe

26   One's attorney.  Plaintiffs are informed and believe, and on that basis allege, that

27   during the course of that representation, CBV and Vuckovich discovered facts

28   evidencing that all of the money ever invested in Luxe One was fraudulently

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

obtained from Plaintiffs, and that Brown and Williams had been systemically and fraudulently converting those funds from Luxe One's Chase bank account for their own unauthorized and personal uses.  Nonetheless, CBV and Vuckovich recklessly continued to hold and to transfer to the co-conspirators large amounts of money from Luxe One's Chase bank account that Brown had deposited with CBV in the form of Chase cashier's checks.  Moreover, at the same time that CBV and Vuckovich represented Luxe One, CBV and Vuckovich represented other parties with patently conflicting interests and failed to disclose to Luxe One relevant information about the above-alleged scheme to defraud Plaintiffs, all to Luxe One's detriment.

10.     Plaintiffs now bring this lawsuit against CBV and Vuckovich for their participation in the conspiracy, for the knowing and substantial assistance they gave to the Judgment Debtors in carrying out their fraudulent scheme, for CBV's and Vuckovich's unjust receipt of portions of Plaintiffs' investment funds, and for CBV's and Vuckovich's breaches of duty to CBV's client, Luxe One.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. section 1332 (diversity), because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs and is between citizens of different states.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because several of the acts and transactions giving rise to the violations of law complained of herein occurred in this district.

## THE PARTIES

13.     Plaintiff Busbice is an individual residing in Wyoming.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

14.     Plaintiff Ollawood is a Louisiana limited liability company.  Busbice is Ollawood's sole member.

15.     Plaintiff Ecibsub is a Louisiana limited liability company.  Ecibsub's members are:  Busbice; Dorothy Elizabeth Lippman Busbice, an individual residing in Wyoming; and Rebecca T. Romero, an individual residing in Louisiana, as Trustee for the Ryan Alfred Busbice Family II Trust, the William Matthew Busbice Family II Trust, and the Sarah Elizabeth Family II Trust.  None of these trusts are Illinois trusts.

16.     Defendant Vuckovich is an individual residing in Illinois.

17.     Plaintiffs are informed and believe, and on that basis allege, that Defendant CBV is an Illinois partnership, whose partners are Vuckovich and Christopher Bargione, an individual residing in Illinois.

18.     The true names and capacities, whether individual, corporate, or otherwise, of the Defendants sued herein as DOES 1 through 50, inclusive, are unknown to Plaintiffs.  Therefore, Plaintiffs sue the DOE Defendants by such fictitious names.  Plaintiffs will amend this complaint to show the true names and capacities of the DOE Defendants when they have been ascertained.  Plaintiffs are informed and believe, and on that basis allege, that DOES 1 through 50, inclusive, and each of them, are in some manner liable to Plaintiffs.

19.     Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned, Defendants, and each of them, were the agents, trustees, partners, joint venturers, co-conspirators, contractors and/or employees of the other Defendants, and that the acts and omissions herein alleged were done by them, acting individually, through such capacity and within the scope of their authority, and with the permission and consent of the other Defendants and/or were thereafter ratified by each of the other Defendants, and that each of them are jointly and severally liable to Plaintiffs.

### THE FRAUDULENTLY INDUCED INVESTMENTS AND CONVERSION
### OF PLAINTIFFS' FUNDS

20.     Busbice was first targeted in late March 2013 when the Judgment Debtors approached him regarding an opportunity to invest in a feature length documentary, *Made in America*, through the purchase of membership units in Visions, LLC, a limited liability company organized as the film's project management, development and financing entity.  According to the Judgment Debtors, Brown and Seppala were the film's producers, and Seppala's company which had allegedly developed the film, Griffin Productions, assigned to Visions all of its rights regarding the film.

21.     The Judgment Debtors represented to Busbice that the minimum financing needed for the documentary was $1,000,000, and that Williams would be investing $500,000 of his own money.  The Judgment Debtors looked to Busbice to invest the remaining $500,000.

22.     On April 15, 2013 and April 24, 2013, the Judgment Debtors sent Busbice fake wire confirmations and bank records that they created to falsely represent that Williams had transferred $500,000 to a JP Morgan Chase ("Chase") bank account, which was represented to be the production account for the *Made in America* project.  On April 25, 2013, Seppala provided a certification that Visions had received Williams' $500,000 investment.

23.     On April 26, 2013, in reliance on these false representations, Busbice caused Ecibsub to wire transfer $500,000 to Visions' Chase bank account.  Within one business day, all except $15,000 of those funds were secretly transferred to a different bank account.

24.     It was not until more than one year later that Plaintiffs began to discover that the *Made in America* investment was a complete sham – there never was a bona fide *Made in America* project, and no real work was ever done on that documentary – Plaintiffs' money simply was stolen.  In May 2014, Plaintiffs

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

obtained, for the first time, genuine Chase bank records showing, among other things, that:  (a) the wire confirmations and bank records previously provided were phony; (b) Plaintiffs' $500,000 was the only money ever "invested" in the purported project; (c) Plaintiffs' investment funds were quickly transferred to other accounts under one or more of the co-conspirators' control, and thereafter converted by the co-conspirators for their own unauthorized and wrongful use.

25.     Emboldened by their success, the co-conspirators maneuvered over the next nine months to fraudulently induce Plaintiffs to part with an additional $10,400,000 in what turned out to be bogus investments.

26.     The next $2,000,000 came on July 3, 2013, when Busbice, through Ollawood, transferred that amount to Luxe One, a California corporation based in Los Angeles that Williams represented had an agreement in place with the owner and producer of *The Letters*, a feature film about the life of Mother Teresa, to make a $10,000,000 prints-and-advertising ("P&A") loan for the film.  The loan was to be repaid with interest from the film's net revenues, and was to be secured in a first position by such revenues.  Williams told Busbice that Luxe One already had received $6,000,000 from an entity named Chart Investment Fund CV12 ("Chart") and that Williams himself had already contributed $2,000,000 of his own money to Luxe One.  Busbice was told that his $2,000,000 investment would complete the $10,000,000 needed to take advantage of Luxe One's lucrative P&A agreement on *The Letters*.  Williams delivered a falsified bank statement to Busbice showing more than $8,000,000 in Luxe One's bank account, which was a complete fabrication.

27.     Luxe One's purported deal with the owner/producer of *The Letters* also served as the basis for a later $4,000,000 investment fraudulently induced by the co-conspirators.  Specifically, in November 2013, Williams represented that because *The Letters* was viewed as such a strong film, he, on Luxe One's behalf, negotiated a new deal to loan up to $22,000,000 (instead of the original

$10,000,000) for the film's P&A spend on far more lucrative terms than the existing deal.  Williams represented that both he and Chart had already contributed an additional $4,000,000 each, and therefore, only an additional $4,000,000 was needed from Busbice/Ollawood.  To fraudulently induce this $4,000,000 "investment," Williams, among other things, provided Plaintiffs with a purported Chase online statement showing Luxe One's account balance as of December 17, 2013 to be $18,014,609.46 to make it appear as if he and Chart had actually contributed millions to Luxe One.

28.     As with the *Made in America* project, the Luxe One deal was a complete hoax.  Plaintiffs obtained genuine Chase bank records in April 2014 showing that neither Williams nor Chart ever put any money into Luxe One, and that only $112,945.09 was in the Luxe One account on December 17, 2013 (the small remainder of Plaintiffs' earlier $2,000,000 investment in July 2013), and not $18,014,609.46 as had been represented.  And as with the *Made in America* investment, the genuine bank records obtained from Chase show that the $6,000,000 invested by Busbice/Ollawood in Luxe One was fraudulently transferred and spent by and among the co-conspirators, with the aid and assistance of Defendants CBV and Vuckovich.

29.     The co-conspirators obtained another $2,000,000 in a similar P&A loan scheme on October 30, 2013 when Busbice, through Ollawood, transferred that amount to an account held by Moment Factory, LLC ("Moment Factory"), a special purpose entity that Williams purportedly set up to make a lucrative $4,000,000 P&A loan for *Angels Sing*, a Christmas-themed feature film starring Harry Connick Jr., Willie Nelson and others.  Williams again represented that he had already invested $2,000,000 in Moment Factory, and that if Busbice invested the remaining $2,000,000 needed, then the two would be equal partners in the deal.  Once again, Williams provided a falsified bank record to show that there was $1,903,150.24 in Moment Factory's Chase account as of October 28, 2013 due to

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

COMPLAINT

Williams' contribution, when in reality there was $0 in the account. And once again, genuine Chase bank records obtained by Plaintiffs in April 2014 show that no one but Plaintiffs ever put any money into the Moment Factory/*Angels Sing* deal. Plaintiffs' money was fraudulently transferred among the co-conspirators and spent on various unauthorized items, including personal and luxury items, such as cars, boats, vacations, real estate, private school tuition, etc.

30. In August 2013, Williams fraudulently induced Busbice to part with $2,400,000 in connection with a purported $15,000,000 production loan for *Left Behind* (a feature length film starring Nicholas Cage), the remainder of which Williams represented he was funding through his own purported P&A fund. Williams' purported P&A fund was a complete fabrication, and Williams never invested any of his or his bogus fund's own money, but rather misappropriated a portion of Plaintiffs' money from the Luxe One transaction. No part of the $2,400,000 invested has been recovered.

## DEFENDANTS CBV AND VUCKOVICH'S FURTHERANCE OF THE CONSPIRACY AND CONVERSION

31. From May 2013, shortly after the co-conspirators fraudulently obtained the first $500,000 of Plaintiffs' investment funds, until at least June 2014, Defendants CBV and Vuckovich received hundreds of thousands of dollars traceable to Plaintiffs' fraudulently induced investment funds from accounts controlled by one or more of the Judgment Debtors.

32. Based on bank records obtained to date, the total amount of such funds received by Defendants CBV and Vuckovich is believed to be at least $473,000, although discovery may show that amount to be significantly higher.

33. Most, if not all of these transfers to Defendants CBV and Vuckovich, were of funds from bank accounts held in Los Angeles, California by entities based in Los Angeles, California. As referenced in the aforementioned Indictment,

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

$200,000 of the funds received by Defendants was from a bank account held by Luxe One in Los Angeles, California.

34.     Plaintiffs are informed and believe, and on that basis allege, that Defendants CBV and Vuckovich knew that the amounts that they received were ill-gotten proceeds of fraudulent and criminal activity, and actively assisted in the diversion of these funds.  Alternatively, Defendants CBV and Vuckovich consciously disregarded a high probability that the funds they received were such ill-gotten proceeds, and continued to assist the fraudsters' efforts to hide and fraudulently transfer the misappropriated funds.

35.     A significant amount of the funds received by Defendants CBV and Vuckovich, currently believed to total at least $368,000, was parked with CBV or Vuckovich until later withdrawal from CBV's purported client trust account, and then funneled to others who, like Defendants CBV and Vuckovich, conspired with and aided and abetted the Judgment Debtors in carrying out their scheme.  There were several of these fraudulent "pass through" transfers, which occurred over the course of more than one year, beginning after the first of the four above-alleged film investment scams.

36.     These pass through transfers were not for any legitimate business purpose.

37.     A primary goal of these pass through transfers was to conceal the illegitimate origins of the fraudulently obtained funds, as well as the fact and the fraudulent nature of the transfers to the co-conspirator-transferees, with the cloak of a purported attorney-client relationship and privilege, and to otherwise avoid disclosure.

38.     Most, if not all, of the funds transferred to CBV and Vuckovich in Illinois came from bank accounts in Southern California and most, if not all, of the ultimate transferees of the pass through transfers were Southern California residents.  To perpetrate this fraud, Brown and/or his agents regularly traveled to

COMPLAINT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Chicago to personally deliver cash or cashiers' or personal checks to Defendants CBV and Vuckovich and/or later, to personally take possession of the same funds from CBV and Vuckovich. For example, on more than one occasion, Brown would personally travel to Chicago to deposit cashier's checks, and shortly thereafter, co-conspirator Stuart Manashil ("Manashil"), a Hollywood talent agent and Brown confidant, would travel to Chicago and CBV and Vuckovich would allow the just-deposited funds to be released to Manashil (who later became a CBV client) from their trust account.

39.    Plaintiffs are informed and believe, and on that basis allege, that Defendants CBV and Vuckovich knew that these fraudulent pass through transfers were for no legitimate business purpose and were carried out primarily to conceal and further the Judgment Debtors' and their co-conspirators' fraud and conversion of Plaintiffs' invested funds. Alternatively, Defendants CBV and Vuckovich consciously disregarded a high probability that the pass through transfers were illegitimate, and continued to assist the fraudsters' efforts to hide and fraudulently transfer the stolen funds.

40.    Plaintiffs are informed and believe, and on that basis allege, that a significant amount of the fraudulently obtained investment funds received by Defendants CBV and Vuckovich, currently believed to be at least $100,000, was given to and retained by them. These amounts were received for their role in furthering and aiding and abetting the above-alleged fraud and conversion of Plaintiffs' investment funds, and not for any legitimate or bona fide rendering of professional services.

## DEFENDANTS CBV AND VUCKOVICH'S BREACHES OF DUTY OWED TO LUXE ONE

41.    As of April 24, 2014, Defendants CBV and Vuckovich had at least $100,000 remaining in their purported client trust account (the "Remaining Cash"),

which they knew Brown had been deposited with CBV in the form of Chase bank cashiers' checks.

42.     By June 2014, Defendants CBV and Vuckovich began representing Luxe One as its attorneys.  Their representation of Luxe One included, but was not limited to:  (1) commencing an arbitration in Los Angeles, California on Luxe One's behalf against Big Screen Partners V, Ltd. in June 2014 and representing Luxe One in connection with that arbitration; (2) counseling Luxe One regarding Plaintiffs' lawsuit filed on May 28, 2014 against, among others, the Judgment Debtors and Luxe One (*Busbice, et al. v. Williams, et al.*, Case No. 2:14-cv-04077-PA-AJW (C.D. Cal.)) (the "Initial Civil Fraud Complaint"); and (3) negotiating potential settlements of the Initial Civil Fraud Complaint.

43.     By mid-June 2014, Defendants CBV and Vuckovich, as part of their representation of Luxe One and others, received a copy of the Initial Civil Fraud Complaint, which contained extremely detailed allegations of the Judgment Debtors' fraud and conversion of the fraudulently obtained funds through accounts the Judgment Debtors controlled, specifically including Chase bank accounts in the name of Luxe One.  Plaintiffs are informed and believe, and on that basis allege, that by mid-June 2014, Defendants CBV and Vuckovich were in possession of genuine Chase bank account statements for Luxe One's accounts evidencing the Judgment Debtors' fraud and Brown's and Williams' fraudulent conversion of the fraudulently obtained funds from the Luxe One accounts for their own illegitimate, unauthorized and personal uses.

44.     On August 26, 2014, despite their knowledge of facts showing that the Remaining Cash Brown deposited was diverted from Luxe One's Chase bank account and had been fraudulently obtained from Plaintiffs, Defendants CBV and Vuckovich intentionally, recklessly or at least negligently transferred the Remaining Cash to Manashil, one of the co-conspirators in the fraudulent scheme.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

45.     At the same time that Defendants CBV and Vuckovich represented Luxe One, they also represented other persons, including, but not limited to Brown, with interests that patently and materially conflicted with Luxe One's interests.

46.     Defendants CBV and Vuckovich also failed to fully, timely and properly disclose relevant information about the above-alleged scheme to defraud Plaintiffs to Luxe One, causing substantial harm to Luxe One and to Plaintiffs.

47.     Effective as of August 1, 2016, Luxe One assigned to Plaintiff Ollawood all of its rights, claims and causes of action, including those against Defendants CBV and Vuckovich.

## FIRST CLAIM FOR RELIEF

**For Civil Conspiracy to Defraud and to Convert and Fraudulently Transfer Plaintiffs' Investment Funds**

**(Against all Defendants)**

48.     Plaintiffs repeat and incorporate herein by this reference paragraphs 1 through 47, inclusive, as if fully set forth herein.

49.     Plaintiffs are informed and believe, and on that basis allege, that the Judgment Debtors and Defendants CBV and Vuckovich, and each of them, knowingly and willfully conspired and agreed among themselves to:

    a) fraudulently induce Plaintiffs to make the above-alleged investments totaling $10,900,000;

    b) convert the fraudulently obtained funds for their and their co-conspirators' personal use and benefit, while actively concealing the fraud; and

    c) fraudulently transfer the ill-gotten proceeds out of Plaintiffs' reach with the intent to hinder, delay and defraud Plaintiffs in their efforts to discover the fraud, recoup their investments and obtain relief.

50.     As alleged, and with Defendants CBV and Vuckovich's aid and assistance, the Judgment Debtors did, in fact, fraudulently induce Plaintiffs to make

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1   these investments by intentionally misrepresenting material facts regarding the

2   investments; convert much of the fraudulently obtained funds for their and their co-

3   conspirators' personal use and benefit; and fraudulently transfer such funds out of

4   Plaintiffs' reach.

5       51.     Plaintiffs are informed and believe, and on that basis allege, that

6   Defendants Vuckovich and CBV (by and through Vuckovich) furthered the

7   conspiracy by, *inter alia*, knowingly allowing hundreds of thousands of dollars

8   traceable to Plaintiffs' investment funds to pass through CBV's purported client

9   trust account to compensate the co-conspirators for their fraudulent dealings with

10  the Plaintiffs so that the fact and fraudulent nature of the transfers might be cloaked

11  behind a purported attorney-client relationship and privilege.

12      52.     As a direct and proximate result of the above-alleged conspiracy and

13  wrongful acts, Plaintiffs have sustained millions of dollars in damages, the exact

14  sum to be proven at trial, but believed to be in excess of $10,000,000.

15      53.     Defendants' conduct, as herein alleged, was done willfully and with a

16  conscious disregard of Plaintiffs' rights and with intent to injure, so as to constitute

17  oppression, fraud and/or malice under California Civil Code section 3294, entitling

18  Plaintiffs to punitive damages.

19  ## SECOND CLAIM FOR RELIEF

20  **For Aiding and Abetting Fraud, Conversion, and Fraudulent Transfers**

21  **(Against all Defendants)**

22      54.     Plaintiffs repeat and incorporate herein by this reference paragraphs 1

23  through 53, inclusive, as if fully set forth herein.

24      55.     Plaintiffs are informed and believe, and on that basis allege, that

25  alternatively, even if Defendants CBV and Vuckovich did not conspire as alleged,

26  these Defendants are liable for aiding and abetting the fraud and conversion

27  perpetrated by the Judgment Debtors, because Defendants CBV and Vuckovich had

28  knowledge of the above-alleged conspiracy, fraud and conversion, and provided the

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

perpetrators substantial assistance in accomplishing the tortious result by, *inter alia*, allowing hundreds of thousands of dollars traceable to Plaintiffs' investment funds to pass through CBV's purported client trust account to compensate co-conspirators for their fraudulent dealings with the Plaintiffs so that the fact and fraudulent nature of the transfers might be cloaked behind a purported attorney-client relationship and privilege.

56.     Defendants' substantial assistance furthered the perpetrators' scheme, and as a direct and proximate result of Defendants' assistance, Plaintiffs have sustained millions of dollars in damages, the exact sum to be proven at trial, but believed to be in excess of $10,000,000.

57.     Defendants' conduct, as herein alleged, was done willfully and with a conscious disregard of Plaintiffs' rights and with intent to injure, so as to constitute oppression, fraud and/or malice under California Civil Code section 3294, entitling Plaintiffs to punitive damages.

## THIRD CLAIM FOR RELIEF

### For Imposition of a Constructive Trust

### (Against all Defendants)

58.     Plaintiffs repeat and incorporate herein by this reference paragraphs 1 through 57, inclusive, as if fully set forth herein.

59.     As alleged, the Judgment Debtors, with Defendants' assistance, fraudulently induced Plaintiffs to transfer a total of $10,900,000 for certain purported investments, by intentionally misrepresenting material facts regarding the investments and actively concealing the truth regarding the investments and the unauthorized use of the investment funds, so that the Judgment Debtors could convert Plaintiffs' funds for their own unauthorized and wrongful use and enjoyment.

60.     Defendants CBV, Vuckovich and Does 1-50, and each of them, received a part or parts of the converted funds, and/or received property or property

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

interests that were acquired in exchange for such funds, for no value (or *de minimis* value) and/or with actual or constructive knowledge of the fraud.

61.   By virtue of the foregoing, Defendants CBV, Vuckovich and Does 1-50 hold the funds, property and/or property interests so received by them, and all assets, property and/or property interests received in exchange for any part of such funds, property and/or property interests, as a constructive trustee for the benefit of Plaintiffs.

## FOURTH CLAIM FOR RELIEF

### For Negligence

### (Against all Defendants)

62.   Plaintiffs repeat and incorporate herein by this reference paragraphs 1 through 61, inclusive, as if fully set forth herein.

63.   By June 2014, Defendants agreed to represent, and began representing, Luxe One as its attorneys.  Such representation included, but was not limited to: (1) commencing arbitration in Los Angeles, California on Luxe One's behalf against Big Screen Partners V, Ltd. in June 2014 and representing Luxe One in connection with that arbitration; (2) counseling Luxe One regarding the Initial Civil Fraud Complaint; and (3) negotiating potential settlements of the Initial Civil Fraud Complaint.

64.   By virtue of and through that representation, Defendants owed Luxe One ordinary duties of care and professional duties of care, skill and loyalty.

65.   Plaintiffs are informed and believe, and on that basis allege, that at all times thereafter, Defendants breached those duties and failed to exercise reasonable care by, among other things:  (i) transferring the Remaining Cash to co-conspirators in the above-alleged scheme to defraud Plaintiffs, despite knowledge of facts showing that the Remaining Cash was pulled from Luxe One's Chase bank account and had been fraudulently obtained from Plaintiffs; (ii) representing other persons with interests that patently and materially conflicted with Luxe One's interests at

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

the same time as they represented Luxe One; and (iii) failing to fully, timely and properly disclose relevant information about the above-alleged scheme to defraud Plaintiffs to Luxe One.

66.     As a direct and proximate result of the above-alleged acts and omissions, Luxe One and Plaintiffs sustained substantial damages in excess of $100,000, the exact amount to be proven at trial.

67.     As hereinabove alleged, Luxe One has assigned this and all other of its claims and causes of action to Plaintiff Ollawood, and Ollawood brings this cause of action as Luxe One's assignee.

## FIFTH CLAIM FOR RELIEF
### For Breach of Fiduciary Duty
### (Against all Defendants)

68.     Plaintiffs repeat and incorporate herein by this reference paragraphs 1 through 67, inclusive, as if fully set forth herein.

69.     By June 2014, Defendants CBV and Vuckovich agreed to represent, and began representing, Luxe One as its attorneys.

70.     By virtue of and through that representation, Defendants CBV and Vuckovich were fiduciaries of Luxe One and owed it the highest duty of good faith, due care and loyalty.

71.     Plaintiffs are informed and believe, and on that basis allege, that by the acts and omissions alleged herein, Defendants CBV and Vuckovich breached that fiduciary duty by, among other things: (i) transferring the Remaining Cash to co-conspirators in the above-alleged scheme to defraud Plaintiffs, despite knowledge of facts showing that the Remaining Cash was pulled from Luxe One's Chase bank account and had been fraudulently obtained from Plaintiffs; (ii) representing other persons with interests that patently and materially conflicted with Luxe One's interests at the same time as they represented Luxe One; and (iii) failing to fully,

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

1    timely and properly disclose relevant information about the above-alleged scheme

2    to defraud Plaintiffs to Luxe One.

3        72.     As a direct and proximate result of the above-alleged acts and

4    omissions, Luxe One and Plaintiffs sustained substantial damages in an amount to

5    be proven at trial.

6        73.     Defendants CBV and Vuckovich's conduct, as herein alleged, was

7    done willfully and with a conscious disregard of Plaintiffs' and Luxe One's rights

8    and with intent to injure, so as to constitute oppression, fraud and/or malice under

9    California Civil Code section 3294, entitling Plaintiffs to punitive damages.

10       74.     As hereinabove alleged, Luxe One has assigned this and all other of its

11    claims and causes of action to Plaintiff Ollawood, and Ollawood brings this cause

12    of action as Luxe One's assignee.

13

14                 **PRAYER FOR RELIEF**

15    WHEREFORE, Plaintiffs respectfully pray for judgment, as follows:

16               **FIRST CLAIM FOR RELIEF**

17        1.      For compensatory damages in an amount to be proven at trial, but

18    believed to be in excess of $10,000,000;

19        2.      For exemplary or punitive damages in an amount to be proven at trial;

20        3.      For costs and expenses incurred in this litigation; and

21        4.      For such other and further relief as this Court deems just and proper.

22             **SECOND CLAIM FOR RELIEF**

23        5.      For compensatory damages in an amount to be proven at trial, but

24    believed to be in excess of $10,000,000;

25        6.      For exemplary or punitive damages in an amount to be proven at trial;

26        7.      For costs and expenses incurred in this litigation; and

27        8.      For such other and further relief as this Court deems just and proper.

28

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## THIRD CLAIM FOR RELIEF

9.    For imposition of a constructive trust on all funds and property received by Defendants CBV and Vuckovich derived, directly or indirectly, from the moneys invested by Plaintiffs, and on any and all proceeds, assets, property and/or other property interests received or acquired by CBV and Vuckovich from any use or transfer of such property and amounts;

10.   For costs and expenses incurred in this litigation; and

11.   For such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF

12.   For compensatory damages in an amount to be proven at trial;

13.   For costs and expenses incurred in this litigation; and

14.   For such other and further relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF

15.   For compensatory damages in an amount to be proven at trial;

16.   For exemplary or punitive damages in an amount to be proven at trial;

17.   For costs and expenses incurred in this litigation; and

18.   For such other and further relief as this Court deems just and proper.

Dated:  November 15, 2016                    TROUTMAN SANDERS LLP


                                             By: /s/ Paul L. Gale
                                                 Paul L. Gale

                                             Attorneys for Plaintiffs
                                             BILL A. BUSBICE, JR.,
                                             OLLAWOOD PRODUCTIONS,
                                             LLC, and ECIBSUB, LLC

1

## **JURY DEMAND**

2

Plaintiffs demand trial by jury on all issues and claims so triable.

3

4

Dated:  November 15, 2016          TROUTMAN SANDERS LLP

5

6

By:  /s/ Paul L. Gale

7

Paul L. Gale

8

Attorneys for Plaintiffs
BILL A. BUSBICE, JR.,
OLLAWOOD PRODUCTIONS,
LLC, and ECIBSUB, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28